## THE STATE *v.* WORMICK.

COSTS. *State not liable for. When.* The costs with which the prosecutor has been charged in a proceeding against a party to keep the peace, cannot, upon the return of an execution *nulla bona,* be adjudged against the State or county.

MOTION.

ATTORNEY GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

In this proceeding against the defendant to keep the peace, the court below adjudged the costs against the prosecutor, and this judgment was, upon appeal, affirmed. Execution having been issued against the prosecutor for the costs, and returned *nulla bona,* a motion is now made for judgment against the county for such costs.

The recovery of costs is given by statute, and unless there be some law authorizing it, the court cannot give costs against any one. *Mooneys* v. *State,* 2 Yer., 578; *State* v. *Barton,* 3 Hum., 13. Neither the State nor a county can be taxed with the costs of a criminal proceeding by implication or conjecture. *Prince* v. *State,* 7 Hum., 137; *Tucker* v. *State,* 2 Head, 552. By the Code, section 5584, the court may, upon the trial of a person on a warrant to keep the peace, charge such person, or the prosecutor with the costs.

And the Code, section 5585, defines the cases in which, and the costs with which the State or county may be charged. It is conceded that the present case does not fall within any of the provisions of that section, unless it be sub-sec. 5, "when the defendant has been convicted," and execution returned *nulla bona*. But a prosecutor is no party to the cause, and cannot be a "defendant," within the sense of the statute. *Hansard* v. *State*, 5 Hum., 115. Nor can he be said to have been "convicted," by being charged with the costs.

The application is refused.